**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENZEL EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 24-cv-8486 |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Maywood and Sgt. Babicz, Star No. 274, | ) | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Denzel Edwards ("Edwards") was within the jurisdiction of this court.

4. At all times herein mentioned, Village of Maywood Police Sergeant Babicz, Star No. 274 ("Babicz") was employed by the Village of Maywood Police Department and was acting under color of state law and as the employee, agent, or representative of the Village of Maywood Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, the Village of Maywood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Maywood maintained, managed, and/or operated the Village of Maywood Police Department.

## FACTUAL ALLEGATIONS

6. On or about September 17, 2022, Plaintiff was located inside his residence located on South 2nd Avenue, Village of Maywood, County of Cook, State of Illinois.

7. On that day and place Defendant Babicz was on duty with the Village of Maywood Police Department and wearing a police uniform.

8. On that day and place Defendant Babicz and other currently unknown officers entered Plaintiff's residence.

9. Babicz entered Plaintiff's residence without a search warrant for Plaintiff's residence or an arrest warrant for anyone located within Plaintiff's residence.

10. Babicz entered Plaintiff's residence without consent.

11. After entering Plaintiff's residence Babicz arrested Plaintiff.

12. When Babicz arrested Plaintiff Babicz was not aware of any information indicating that Plaintiff had committed or was about to commit a crime.

13. In order to create a basis for arresting Plaintiff Babicz falsely accused Plaintiff of battering Babicz by slamming a door into the knee of Babicz.

14. Plaintiff did not slam a door into any part of Babicz's body.

15. After arresting Plaintiff Babicz caused Plaintiff to be transported to the Maywood Police Department.

16. After Plaintiff was transported the Maywood Police Department Babicz knowingly and intentionally signed a false criminal complaint against Plaintiff accusing Plaintiff of committing a battery to Babicz by slamming a door into Babicz's knee.

17. The knowingly false criminal complaint against Plaintiff that was signed by Babicz caused Plaintiff to be subjected to a criminal prosecution in Cook County, Illinois.

18. On September 16, 2024, the criminal charge against Plaintiff was dismissed.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Defendant Babicz for**
**UNCONSTITUTIONAL ENTRY/SEARCH**

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

24. The intrusion by Defendant into the security and privacy of Plaintiff's residence was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights in the following manner: (1) Defendant forcibly entered Plaintiff's residence without a search warrant, voluntary consent, or exigent circumstances justifying a warrantless entry. These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Defendant Babicz for**
**MALICIOUS PROSECUTION**
**(FOURTH AMENDMENT)**

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

26. Defendant subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

27. Defendant did not have probable cause to believe Plaintiff had committed a battery or cause him to be subjected to any prosecution.

28. Defendant knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to reasonably conclude Plaintiff had committed a battery.

29. The criminal charge Defendant initiated against Plaintiff terminated in Plaintiff's favor when the charge was dismissed on September 16, 2024.

30. As a result of the foregoing, Plaintiff has sustained damage, including but not limited to being subjected to a criminal prosecution for nearly two years.

31. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

32. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to a criminal prosecution, without any probable cause, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiffs Against Babicz and the Village of Maywood For**
**MALICIOUS PROSECUTION**

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully alleged at this place.

34. Defendant Babicz, who was employed by the Village of Maywood, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he had committed a battery that occurred in September 2022.

35. Defendant subjected Plaintiff to a criminal prosecution for the crime of battery without probable cause.

36. Plaintiff did not commit the battery for which he was prosecuted.

37. Defendant knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed a battery.

39. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when all charges were dismissed on September 16, 2024.

40. As a result of Defendant Babicz causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

41. The Village of Maywood is liable to Plaintiff for the acts of Defendant Babicz pursuant to the doctrine of *respondeat superior*.

42. Therefore, Defendant Babicz and the Village of Maywood are liable under the supplemental Illinois tort claim of Malicious Prosecution.

**COUNT IV**
**INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102**
**AGAINST DEFENDANT VILLAGE OF MAYWOOD**

43. Plaintiff re-alleges and incorporates the allegations of paragraphs one (1) through forty-two (42) hereat as though fully set forth at this place.

44. The acts of Defendant Babicz were committed in the scope of his employment with the Defendant Village of Maywood.

45. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of Maywood is liable for any judgments in this case arising from the actions of defendant Babicz.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. request judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants, other than the Village of Maywood, be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com